Terry JAMES and Juha
Kokko, Plaintiffs,

v.

Raymond H. MEINKE, Defendant.

Civ. A. No. CA 3–83–0719–G.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 28, 1984.

Coyt Randall Johnston, Johnston & Budner, Dallas, Tex., for plaintiffs.

Hugh O. Mussina, Dallas, Tex., for defendant.

MEMORANDUM ORDER

FISH, District Judge.

Having considered the motions for judgment submitted by both parties and the

briefs thereto, the court is of the opinion that plaintiffs' motion should be granted in part and denied in part and that defendant's motion should be denied.

With respect to plaintiffs' claims pursuant to Section 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b) (West 1981) ("Section 10(b)"), the jury found in favor of the plaintiffs concerning each element necessary to establish a Section 10(b) violation. The defendant, however, contends that plaintiffs are not entitled to recover under this claim for the following reasons: (1) the jury found no damages in response to Special Interrogatory No. 19; and (2) notwithstanding the jury's award of damages in response to Special Interrogatory No. 20, the plaintiffs are not entitled to this award because their guaranties do not constitute "securities" for purposes of Section 10(b).

The court will proceed to address only defendant's second contention since its findings as to that issue will resolve the Section 10(b) problem. The term "security" as defined in 15 U.S.C.A. § 78c(a)(10) (West Supp.1984) includes "any note, stock, ... investment contract, ... or in general, any instrument commonly known as a 'security'...."

■ A guaranty agreement constitutes a "security" only if it may be considered an "investment contract" or "an instrument commonly known as a security." *Crabtree Investments, Inc. v. Aztec Enterprises, Inc.*, 483 F.Supp. 211, 214 (M.D.La.1980). In order for an instrument to qualify as an "investment contract" or "an instrument commonly known as a security," it must constitute "an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 852, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975); *Westchester Corporation v. Peat, Marwick, Mitchell & Company*, 626 F.2d 1212, 1215 (5th Cir.1980).

■ Applying this test to the case at bar, plaintiffs' guaranties are clearly securities. Both James and Kokko testified, without dispute, that they executed the guaranty agreements in consideration for the promise that they would receive additional stock in Bratton Coach Works, Inc. ("Bratton"). Bratton is a corporate entity constituting a common venture "since the fortunes of the investors are ... 'interwoven with and dependent upon the efforts and success'" of Meinke and others who sought out the plaintiffs' investment. *Westchester*, 626 F.2d at 1215 (citations omitted).

Moreover, James and Kokko originally invested in Bratton and signed the guaranties in the expectation that as a result of these transactions they would receive profits of the corporation through its management and operation by Meinke and others. *See id.* at 1216. The plaintiffs did not merely execute a guaranty; they made an investment in a corporation giving their guaranty in exchange for the promise that they would receive stock in that corporation in return for their guaranty. *Cf. Crabtree Investments, Inc.*, 483 F.Supp. at 215 (plaintiff made a loan, not an investment, in consideration for a fixed payment of $1,200 per month, which amount was independent of the corporation's profits).

The court thus concludes that the guaranties involved here constitute "securities." As a result, the plaintiffs have succeeded on their Section 10(b) claim and would be entitled to those damages found by the jury in response to Special Interrogatory No. 20.

Defendant next contends that plaintiffs are not entitled to recover on their claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1962(a) and (c) (West Supp.1984) for the following reasons: (1) since plaintiffs sustained no damages cognizable under Section 10(b), no fraudulent sale of stock exists to provide the predicate offenses required under RICO; and (2) a criminal conviction is a prerequisite to recovery in a civil RICO action.

The court's previous discussion concerning plaintiffs' entitlement to those damages

found by the jury in response to Special Interrogatory No. 20 disposes of defendant's first contention under the RICO count.

In the Fifth Circuit, a prior criminal conviction for either the predicate offenses supporting a RICO claim or for a RICO violation itself has not been necessary for recovery in a civil RICO action. *See Alcorn County, Mississippi v. U.S. Interstate Supplies, Inc.*, 731 F.2d 1160, 1168–69 (5th Cir.1984); *Owl Construction Company, Inc. v. Ronald Adams Contractor, Inc.*, 727 F.2d 540, 542 (5th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984). All that is required in this regard is evidence establishing that a defendant participated in the affairs of an enterprise through a pattern of racketeering activity, by committing at least two predicate offenses under 18 U.S.C. § 1961(1). *Alcorn County*, 731 F.2d at 1168–69.

Fraud in the sale of securities is one of the predicate offenses listed in Section 1961 and formed the basis for plaintiffs' civil RICO claim herein. As stated above, the jury returned a verdict in plaintiffs' favor on their Section 10(b) claims. Moreover, the court finds this result was warranted because plaintiffs presented substantial evidence establishing that Meinke committed securities fraud in violation of Section 10(b).

The court is cognizant of the Second Circuit's recent decision in *Sedima S.P. R.L. v. Imrex Co.*, 741 F.2d 482, 503 (2d Cir.1984) which held that a prior criminal conviction is a prerequisite to recovery in a private civil RICO action. However, the Fifth Circuit opinions cited above, which pre-date *Sedima,* fail to suggest any inclination on the part of the Fifth Circuit to follow the Second Circuit's lead in the future. This court also has declined to hold that a prior criminal conviction is a prerequisite to a civil RICO action. *Long v. Capitol Savings and Loan Association*, et al., CA 3–84–1065–H (Nov. 6, 1984-Sanders, J.). Therefore, the court concludes that the plaintiffs have succeeded on their civil RICO claim as a result of which they are entitled to three-fold the damages found by the jury, as well as costs of court including reasonable attorneys' fees. 18 U.S.C. § 1964(c) (West Supp.1984).

Since the plaintiffs have obtained favorable results on their RICO claims, the court presumes that the plaintiffs have elected their remedies under this statute. Accordingly, plaintiffs are entitled to three-fold the damages they sustained as found by the jury, together with costs of court including reasonable attorneys' fees to be determined at a later date.

As a result of the plaintiffs' success on both the Section 10(b) claim and the RICO claim, the court finds it unnecessary to determine whether the submission of plaintiffs' claims under Section 12(2) of the Securities Act of 1933, 15 U.S.C.A. § 77l(2) (West 1981) was proper. Assuming without deciding, however, that submission of the Section 12(2) claim was proper, the court is of the opinion, based upon the jury's verdict, that the plaintiffs succeeded on that claim as well.

*Conclusion*

The court concludes that the plaintiffs have succeeded on all three claims presented to the jury for determination.